An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RUSSELL MAGGIO, SR.,
Appellant,
vs.
BUNKERS EDEN VALE MEMORIAL
PARK; AND CONSTITUTION STATE
SERVICE COMPANY,
Respondents.

No. 63158

**FILED**

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation benefit penalty matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

The Nevada Department of Business and Industry's Division of Industrial Relations (DIR) issued a determination fining and imposing benefit penalties on respondent Constitution State Service Company, the third-party industrial insurance administrator for respondent employer Bunkers Eden Vale Memorial Park, for failing to timely comply with an April 26, 2011, appeals officer decision entitling appellant Russell Maggio, Sr., to temporary total disability (TTD) benefits from October 5, 2010, forward, which failure then caused Maggio to file further administrative proceedings to compel compliance. Constitution State Service Company administratively appealed the DIR determination, and an appeals officer reversed. The district court upheld the appeals officer's decision on judicial review, and Maggio appealed.

The appeals officer's decision to deny the benefit penalties was in error. The appeals officer found that the April 26 decision entitled Maggio to TTD benefits from October 5, 2010, and that, although it paid

15-11563

November 2010 and February 2011 TTD benefits, Constitution State Service Company did not pay benefits from October 5 through November 1. The appeals officer further noted that Maggio had to administratively challenge the compliance letter in order to obtain the October 5 through November 1 benefits, as well as benefits due for other months that had not been paid. Although the appeals officer concluded that the April 26 order was ambiguous as to when the TTD benefits terminated, she confirmed that it was clear that they were to start on October 5. Nevertheless, the appeals officer found that, due to the ambiguity, the DIR should not have assessed benefit penalties.

NRS 616D.120(3) requires the DIR administrator to impose benefit penalties upon making certain findings, including that a third-party administrator refused or unreasonably delayed payment more than 30 days after an appeals officer issues a decision determining payment is due, and also including that the third-party administrator made it necessary for a claimant to initiate proceedings under the NRS Chapters 616A-D for compensation found due by an appeals officer. *See* NRS 616D.120(1)(c) and (e). Here, regardless of any confusion over when the TTD benefits were to terminate, Constitution State Service Company failed to issue the benefits that were ordered to begin on October 5 until several months after the April 26 decision, and only after Maggio pursued subsequent administrative proceedings. As a result, the appeals officer's conclusion that the ambiguity in the DIR determination excused the delay in payment for October 5 through November 1 was clearly erroneous. *See Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 383 (2008) (explaining that this court applies the same standard in reviewing an agency decision as the district court, and thus looks for clear

error or an arbitrary and capricious abuse of discretion); *see also* NRS 233B.135 (providing the standards for judicial review of an agency decision). The district court should have granted Maggio's petition for judicial review and reinstated the DIR benefit penalties, and thus, we

ORDER the judgment of the district court REVERSED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Kenneth C. Cory, District Judge
        Kemp & Kemp
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A